**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **VICKIE LOUGHIN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MICHAEL J. ASTRUE,**[1] )<br>**Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 06-2449-KHV** |

## ORDER

This case comes before the Court on defendant's <u>Motion For Remand Pursuant To Sentence Six Of 42 U.S.C. § 405(g)</u> (Doc. #11) filed February 5, 2007. For reasons stated below, the Court finds that defendant's motion should be sustained.

On March 24, 2000, plaintiff applied for disability benefits under the Social Security Act, 42 U.S.C. 401 <u>et seq</u>. Initially, and upon reconsideration, the government denied plaintiff's application for benefits. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). The ALJ held the hearing on December 18, 2002 and later issued a partially favorable decision finding plaintiff disabled for the closed period of May 20, 1998 through May 23, 2000. The plaintiff then requested review with the Appeals Council, which adopted the ALJ decision.

Having exhausted her administrative remedies, plaintiff filed suit on October 16, 2006. Plaintiff asked the Court to find that defendant's decision that plaintiff is not disabled is not supported by substantial evidence. Plaintiff asked the Court to find that she is disabled or remand

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for former Commissioner Jo Anne B. Barnhart as defendant in this suit.

for a hearing before an ALJ.

Before the Commissioner filed an the answer in this case, the Appeals Council of the Social Security Administration decided to request a remand because it could not find the recording of the ALJ hearing.[2] Defendant represents that on remand, the Appeals Council will remand the case to the ALJ for a de novo hearing and decision. Defendant asserts that remand should be characterized as under "sentence six" of 42 U.S.C. § 405(g) and not "sentence four."

Sentence six of 42 U.S.C. § 405(g), states as follows:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g). Defendant notes that remand under sentence six does not include a ruling on the merits of the case, and therefore the Court should not reverse the decision of the Commissioner. Under a sentence six remand, the Court retains jurisdiction until the post-remand proceedings are completed and the Commissioner has filed the results with the Court. See Shalala v. Schaefer, 509 U.S. 292, 297 (1993). Defendant also notes that a claim for fees under the Equal Access to Justice Act is not available after a sentence six remand, because it does not represent a "final judgment."

---

[2] Defendant expresses regret for the loss, but notes that the Commissioner handles over two million applications for disability benefits per year. See SSA Actuarial Publications, Disabled Worker Data, available at http://www.ssa.gov/OACT/STATS/table6c7.html.

Melkonyan v. Sullivan, 501 U.S. 89, 10 (1991).  Plaintiff does not object to defendant's motion.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** pursuant to the sixth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this order.

**IT IS FURTHER ORDERED** that the Clerk administratively terminate this action.

**IT IS FURTHER ORDERED** that the parties notify the Court within 30 days after the administrative procedures are concluded.

Dated this 22nd day of February, 2007, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge